Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7229 | **DATE** | 6/2/2003 |
| **CASE TITLE** | Alfredo Yero-Porro vs. John Ashcroft et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the petition for habeas corpus pursuant to 28:U.S.C. Section 2241 is denied. This is a final and appealable order. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO YERO-PORRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 7229 |
| | ) |
| JOHN ASHCROFT, United States | ) Wayne R. Andersen |
| Attorney General; BRIAN R. | ) District Judge |
| PERRYMAN, District Director, | ) |
| IMMIGRATION AND | ) |
| NATURALIZATION SERVICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on Alfredo Yero-Porro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition for habeas corpus is denied.

## BACKGROUND

Petitioner Alfredo Yero-Porro is a thirty-nine year old native and citizen of Cuba. He entered this country in 1980 during the "Mariel boatlift." He was paroled into the United States on July 2, 1980. In 1986, the petitioner was convicted of operating a motor vehicle without the owner's consent and sentenced to two years incarceration. In 1988, the petitioner was convicted of battery to a police officer and resisting arrest for which he was sentenced to three years. In 1996, the petitioner was convicted of possession with intent to deliver a controlled substance and sentenced to five years in a Wisconsin state prison. As a result of these convictions, the

1

petitioner's immigration parole has been revoked by the Immigration and Naturalization Service ("INS") several times, most recently on May 4, 2002. Additionally, due to these numerous convictions, Yero-Porro was ordered administratively removed to Cuba by an officer of the INS on August 16, 1999.

After the petitioner completed his Wisconsin state prison sentence on November 19, 2001, he was placed into INS custody. On June 20, 2002, the petitioner was evaluated by the Cuban Review Panel as required by 8 C.F.R. § 212.12 and the Cuban Review Plan. The Cuban Review Plan is a federal regulatory scheme promulgated in 1987 to establish procedures for immigration parole determinations regarding Mariel Cubans. As part of the petitioner's review on June 20, 2002, the panel examined Yero-Porro's case file in its entirety and the panel conducted a personal interview with him. After the review was completed, the panel drafted its recommendations regarding the petitioner's potential for release from INS custody.

The panel concluded that Yero-Porro was likely to pose a threat to the community, that he was unlikely to remain non-violent, and that he was likely to violate the conditions of his parole. The panel's recommendations were then reviewed by the INS Associate Commissioner for Enforcement as part of the Cuban Review Plan and he concluded that, based upon a number of factors referenced in the regulations, he was unable to recommend that the petitioner be released from custody at that time. In accordance with the applicable regulations and the Final Notice of Parole Denial dated July 30, 2002, the INS will reconsider his parole status and the potential for release from custody within one year of the date of the notice.

## DISCUSSION

Petitioner brings this action under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus. He alleges that he has been held in custody by the INS in excess of six months past a determination in 1999 that he should be removed from the United States. Yero-Porro claims that the United States is currently unable to deport or remove individuals to his country of origin (Cuba), and there is no reasonable likelihood that he can be removed in the foreseeable future. Thus, according to the petitioner, his potentially interminable stay in INS custody is a violation of the federal immigration detention statute, 8 U.S.C. § 1231(a)(6). He additionally argues that the detention statute is facially unconstitutional or, alternatively, unconstitutional as applied in this case. Yero-Porro asks for issuance of a writ requiring the government to show why his detention is lawful, declaratory relief regarding his detention and the statutes under which his detention began, and an order for his release.

A writ of habeas corpus can be granted to a person who is "in custody under or by color of the authority of the United States . . . or . . . is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Yero-Porro alleges that he has been held in detention by the INS for over six months. Habeas corpus proceedings are an appropriate forum for statutory and constitutional challenges to post-removal period detention by the INS. *See Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S.Ct. 2491 (2001).

An alien ordered removed, who has not left the country or been removed within ninety days, is subject to supervision by the Attorney General. *See* 8 U.S.C. § 1231(a)(3). More relevant here, an alien ordered removed, including aliens found inadmissible, may be detained beyond the ninety-day removal period. *See* 8 U.S.C. § 1231(a)(6). There is no time limit

specified in this particular detention statute. Accordingly, the Supreme Court recently found that there is an implicit time limit in post-removal detention under Section 1231(a)(6), and that once removal is no longer reasonably foreseeable, indefinite detention is not permitted. *See Zadvydas*, 533 U.S. at 699. Whether a detention period is reasonably necessary to secure removal, and whether removal is no longer foreseeable, are questions that are appropriately brought before a habeas court. *See id.*

The petitioner has latched onto the Court's ruling in *Zadvydas* as the primary authority supporting his request for a writ of habeas corpus. To him, the Court's holding that removable aliens may only be detained six months after an order of removal has been issued should naturally extend to <u>all</u> aliens, including inadmissible (or what used to be called "excludable") aliens. To explain this reasoning, some further discussion is required. As the Court noted in *Zadvydas*, the "distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law." 533 U.S. at 693 (citations omitted). For purposes of this case, Yero-Porro was a paroled alien who never officially "entered" the United States. *See Leng May Ma v. Barber*, 357 U.S. 185, 188-90, 78 S.Ct. 1072 (1958) (alien "paroled" into the United States pending admissibility had not effected an "entry"); 8 U.S.C. §§ 1101(a)(13)(A)-(B), 1182(d)(5)(A). By virtue of his criminal background, INS also found him to be "inadmissible" under the Immigration Act. The distinction between aliens who have "entered" the country and those who have not is significant because aliens within the country are entitled to the full protection of the Due Process Clause whereas those aliens requesting admission to the United States (including paroled and/or inadmissible aliens) must be content with "whatever process Congress has authorized." *Borrero v. Aljets*, 325 F.3d 1003,

4

1007 (8th Cir. 2003) (citing *Landon v. Plasencia*, 459 U.S. 21, 33-35, 103 S.Ct. 321 (1982) and *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544, 70 S.Ct. 309 (1950)).

Turning back to the merits of the petitioner's habeas corpus petition, we must now determine whether the Supreme Court's holding in *Zadvydas* putting a temporal limit on post-removal detention for resident aliens should be extended to detention of inadmissible aliens such as Yero-Porro. Yero-Porro obviously argues that the Court's decision should be extended because he has been in INS custody since November 2001 and there is no reasonable expectation that he will be sent back to Cuba in the near future. On the other hand, the government asserts that the Court's reasoning in *Zadvydas* was explicitly limited to post-removal detention of resident aliens and that the Court's prior precedent holding that the United States could constitutionally detain an inadmissible alien indefinitely, *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625 (1953), remains good law after *Zadvydas*.

On this issue, there is a clear split in authority among the different circuits. The Ninth and Sixth Circuits have held that the holding in *Zadvydas* applies to all aliens regardless of their status as either resident or inadmissible. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 405-06 (6th Cir. 2003) (en banc); *Xi v. INS*, 298 F.3d 832, 835-36 (9th Cir. 2002). However, the Eighth Circuit has held that "*Zadvydas*'s six-month presumption of reasonableness is inapplicable to inadmissible aliens." *Borrero*, 325 F.3d at 1007; *see also Rios v. INS*, 324 F.3d 296, 297 (5th Cir. 2003) (per curiam) (same). While this split may be interesting, we need not make our own independent evaluation of the accuracy of these rulings because the Seventh Circuit has also ruled on this issue.

In *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989 (7th Cir. 2001), the court was also confronted

with a Mariel Cuban who argued that his indefinite INS detention violated the Supreme Court's holding in *Zadvydas*. The Seventh Circuit noted that the Supreme Court in *Zadvydas* "reaffirmed its decision in *Mezei* by distinguishing between excludable [inadmissible] aliens and aliens who were admitted to the United States but subsequently ordered removed." *Hoyte-Mesa*, 272 F.3d at 991. In so doing, the court held that inadmissible aliens, like Hoyte-Mesa and Yero-Porro, may be indefinitely detained by the INS following a final order of removal. *See id.* (citing *Zadvydas*, 533 U.S. at 682 and *Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1048 (7th Cir. 2000)). Because we are bound by Seventh Circuit precedent on this issue, we hold that Yero-Porro's continued detention by the INS does not violate federal constitutional law or 8 U.S.C. § 1231(a)(6).

With respect to the petitioner's Due Process arguments, even if he had properly stated a procedural due process claim, such a claim would face a difficult road because the Cuban Review Plan provides detailed procedures for the continuing review of Yero-Porro's parole status, and he has availed himself of those procedures. The Cuban Review Plan regulations, 8 C.F.R. § 212.12, are "the procedure authorized by Congress," and are sufficient due process "as far as an alien denied entry is concerned." *Mezei*, 345 U.S. at 212. On June 20, 2002, a Cuban Review Panel convened in Ullin, Illinois at the Tri-County Jail, where Yero-Porro is being detained by the INS. The panel reviewed his case file and conducted a personal interview with the petitioner on that date. Therefore, we conclude that Yero-Porro has received all appropriate due process with respect to his continued INS detention.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is denied. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 2, 2003